Mark **BAYER**, a minor by his parent and natural guardian, Stephen Bayer, and Susan Moonitz, a minor by her parent and natural guardian Lillian Moonitz, Plaintiffs,

v.

William A. **KINZLER**, Individually and in his capacity as Superintendent of Schools, Union Free School District No. 22, et al., Defendants.

No. 74–C–1557.

United States District Court, E. D. New York.

Nov. 13, 1974.

Marvin Zevin and Alan J. Azzara, Mineola, N. Y., for plaintiffs.

Kendrick C. Smith, Farmingdale, N. Y., for defendants.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

This is an action on behalf of two minors by their parents and natural guardians against the Superintendent of Schools of the Union Free School District No. 22, the principal of Farmingdale High School, and the Board of Education of the Union Free School District No. 22. Defendants were ordered to show cause why an order should not issue (1) requiring defendants to permit plaintiffs to distribute and receive copies of the October 25, 1974 school newspaper and accompanying sex information supplement; (2) requiring the defendants to return to the student editors the seized copies of the newspaper and supplement; (3) declaring that the defendants' prohibition against distribution is an unconstitutional infringement of plaintiffs' First Amendment rights; (4) granting plaintiffs compensatory and punitive damages in the amount of $500.00 and (5) awarding plaintiffs the costs of this action.

The facts of the case are as follows: The October 25, 1974 issue of the Farmingdale High School student newspaper contains a sex information supplement. One plaintiff is an editor of the newspaper. A second plaintiff is a student who states that she wishes to receive the supplement. The four page supplement is primarily composed of articles dealing with contraception and abortion. The articles are serious in tone and obviously intended to convey information rather than appeal to prurient interests. It is conceded the articles are not obscene. On October 25, 1974, defendant principal ordered the seizure of 700 undistributed copies of the newspaper. He also ordered that there be no further distribution of the newspaper and supplement. Defendants have expressed, however, a willingness to release the newspapers without the supplements. This proposal is not satisfactory to plaintiffs.

In Tinker v. Des Moines School District, 393 U.S. 503, 89 S.Ct. 733, 21 L. Ed.2d 731 (1969), the Court held that a school regulation prohibiting expression of a particular opinion is impermissible under the First and Fourteenth Amendments without evidence that the regulation is "necessary to avoid material and substantial interference with schoolwork or discipline," 393 U.S. at 511, 89 S. Ct. at 739. Although *Tinker* is factually distinguishable because it involved expression of an opinion rather than publication of factual information (which is primarily involved here), the test seems equally valid in this case. The newspaper staff's attempt to educate their fellow students by means of a number of thoughtfully written articles seems at least equally deserving of protection under the First and Fourteenth Amendments as the symbolic wearing of an armband, the protected activity in *Tinker*.

In this court's opinion, it is extremely unlikely that distribution of the supplement will cause material and substantial interference with schoolwork and discipline. Accordingly, the court finds that seizure of the supplement and refusal to allow distribution were not reasonably necessary to avoid material and substantial interference with schoolwork or discipline.

Relying on Eisner v. Stamford Board of Education, 440 F.2d 803 (2d Cir. 1971), defendants claim that there is no violation of the First Amendment where the action taken has a reasonable basis. Assuming that this is the proper standard, none of the reasons given by defendants provide a reasonable basis for their actions. There is no merit, for example, to defendants' argument, based on Schenck v. United States, 249 U.S. 47, 52, 39 S.Ct. 247, 63 L.Ed. 470 (1919), that the actions were reasonable because distribution presents a "clear and present danger" that will bring about substantial evils that the state has a right to prevent. In this court's view, no clear and present danger is presented by distribution. It is ironic that defendants

view the dissemination of knowledge here as presenting a "danger" which will bring about "evils." It is relevant to note that in Russo v. Central School District No. 1, 469 F.2d 623, 633 (2d Cir. 1972), cert. denied, 411 U.S. 932, 93 S.Ct. 1899, 36 L.Ed.2d 391 (1973), the court in dictum recognized that tenth graders were sufficiently mature that a teacher's symbolic act in failing to lead the flag salute would not have a "destructive effect" on her students. The court noted, "Young men and women at this stage of development are approaching an age when they form their own judgments," 469 F.2d at 633. The court also noted that knowledge of controversial political viewpoints was not "something to be dreaded," 469 F.2d at 633. Responsible presentation of information about birth control to high school students is not to be dreaded.

Defendants contend that their actions have a reasonable basis because distribution abridges the First Amendment right of parents to freedom of religion. Defendants claim that distribution violates the principle that "the State shall compel no child to learn principles clearly contrary to the basic tenets of his religious faith" (Defendants' Memorandum at 5). This argument is invalid in a number of ways. For one, no student is compelled to read the school newspaper.

Defendants also assert that seizure was reasonable because publication of the supplement constituted an unauthorized intrusion into an area of secondary school curriculum. In this court's view, publication of the newspaper and supplement is an extracurricular activity rather than part of the curriculum. This view is buttressed by the fact that no academic credit is given for serving as a member of the newspaper staff.

Even assuming that the newspaper is part of the "curriculum," defendants' "intrusion" theory does not furnish a reasonable basis for interference with student speech. The invalidity of defendants' theory is demonstrated by examining the impact it would have in the factual context of Tinker. Social studies surely is part of the school curriculum. Under defendants' theory, the petitioners in Tinker might well not be permitted to wear armbands to protest the Vietnam war since their symbolic protest dealt with an area of the curriculum. Moreover, if defendants' theory is adopted, the presence of articles in the school newspaper dealing with political topics will make the newspaper subject to seizure in the future. Such a result is inconsistent with the right of high school students to free expression, subject to well-defined and relatively narrow limitations, cf. Eisner, 440 F.2d at 810 and Katz v. McAulay, 438 F.2d 1058, 1060 (2d Cir. 1971).

For the foregoing reasons, pursuant to 28 U.S.C. § 2201, this court declares that seizure and prohibition of distribution of the newspaper and supplement infringed plaintiffs' First and Fourteenth Amendment rights. Defendants are enjoined from preventing distribution of the seized copies of the newspaper and supplement. Since the Court finds no basis for awarding damages, plaintiffs' demand for damages is denied. In addition, plaintiffs' demand for the costs of this action is denied. So ordered.