564 F.2d 157
 3 Media L. Rep. 1238
 Gina GAMBINO, a minor by her next friend c/o Kinney & Smith,
Lauren Boyd, a minor by her next friend c/o Kinney & Smith,
Hayfield Secondary School Students, c/o Kinney & Smith, and
Hayfield Farm News Staff, c/o Kinney & Smith, Appellees,
v.
FAIRFAX COUNTY SCHOOL BOARD, Rodney S. Page, Mary Anne
Lecos, Anthony T. Lane, Frank M. Alston, Ruth H. Dell, Nancy
Falck, Robert G. Hunt, Ann Kahn, John J. Caussin, Robert E.
Smith, S. John David, and Doris Torrice, Appellants.
 No. 77-1326.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 10, 1977.
Decided Oct. 17, 1977.
 
 Thomas J. Cawley, Fairfax, Va. (William E. Donnelly, III, McCandlish, Lillard, Bauknight, Church & Best, Fairfax, Va., on brief), for appellants.
 Michael S. Shelton, Richmond, Va. (Christopher B. Fager, Washington, D. C., James W. Korman, Arlington, Va., on brief), for appellees.
 Before WINTER, BUTZNER and RUSSELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Fairfax County School Board appeals the district court's order enjoining it from banning the publication of portions of an article about birth control in a school newspaper, The Farm News.* The Board's major contentions are that (1) the first amendment does not apply to The Farm News because it is an in-house organ of the school system, funded and sponsored by the Board, and therefore cannot be viewed as a public forum; (2) the school's students are a captive audience because the newspaper is solicited for and distributed during school hours, and students cannot avoid exposure to the controverted article therefore the public forum doctrine does not apply; and (3) even if the newspaper itself is subject to the first amendment protection, the article is not protected because its publication would undermine a valid school policy which prohibits the teaching of birth control as part of the curriculum.
 
 
 2
 Upon considering the Board's general policy toward student publications, as well as past articles in The Farm News, the district court found that the newspaper was established as a public forum for student expression, and therefore is subject to first amendment protection. It also concluded that the students are not a captive audience merely because of their compulsory attendance at the school. Finally, the court concluded that because the newspaper was established as a public forum and not as an official publication, it cannot be viewed as part of the curriculum; accordingly, the general power of the Board to regulate course content does not apply.
 
 
 3
 Because we conclude that the district court's findings are substantially supported by both the evidence and the law, we affirm for the reasons stated in its opinion. Cf. Bayer v. Kinzler, 383 F.Supp. 1164 (E.D.N.Y.1974), aff'd without opinion, 515 F.2d 504 (2d Cir. 1975).
 
 
 4
 Affirmed.
 
 DONALD RUSSELL, Circuit Judge, dissenting:
 
 5
 I dissent.
 
 
 6
 I take it as accepted that the administration of a secondary school has a perfect legal right to determine whether a thorough presentation of the various methods of contraception should or should not be included in the school curriculum. Mercer v. Michigan State Board of Education (3-judge ct. E.D.Mich.1974) 379 F.Supp. 580, aff'd, 419 U.S. 1081, 95 S.Ct. 673, 42 L.Ed.2d 678. It would make a plain mockery of such a right, however, if the administration's determination could be frustrated by the publication in a paper, designed for distribution among the secondary school pupils, supported financially from school funds, and intended to be supervised, as this one was, by a faculty representative, of a full course in contraceptive practices, under some notion that the student editor of such a school paper enjoys complete freedom to publish in such paper anything he or she chooses under the First Amendment. I said on behalf of the panel in Quarterman v. Byrd (4th Cir. 1971) 453 F.2d 54, 57-8, quoting from the concurring opinion of Justice Stewart in Tinker v. Des Moines School District (1969) 393 U.S. 503 at 515, 89 S.Ct. 733 at 741, 21 L.Ed.2d 731, and I still believe, that the First Amendment rights of secondary school pupils are not " 'co-extensive with those of adults' " and that such rights may be "modified or curtailed" to accord to legitimate school concern. To repeat: A school administration certainly has a legitimate concern in eliminating from its curriculum material which may reasonably be considered as conducive to immorality and not appropriate to proper academic education; by the same token, it would seem equally clear that it would not be required to wink at the same material being taught in a backhanded way through the columns of a school paper, sponsored and largely financed by it. Cf. Trachtman v. Anker, 563 F.2d 512 (2d Cir. 1977).
 
 
 7
 I may add that it seems odd to me that, as I read the authorities, the school administration may validly forbid a teacher in the school system to instruct his or her pupils in contraceptive practices, but it is powerless to forbid the student editor of the school paper, distributed to the pupils, under the school sponsorship and with school support, from instructing on those same practices in the columns of the school paper. See, Mercer, supra, at 585-6.
 
 
 
 *
 The district court's opinion is reported as Gambino v. Fairfax County School Board, 429 F.Supp. 731 (E.D.Va.1977)